**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GAYLE L. BROWNLEE,**  Plaintiff,  vs.  **KRISTIANE MOHLER, ET. AL.,**  Defendants. | CASE NO. 4:19-cv-06554-YGR  **ORDER: GRANTING MOTIONS TO DISMISS; SETTING CASE MANAGEMENT CONFERENCE**  Re: Dkt. Nos. 12, 21 |

On February 21, 2020, defendants Kristiane Mohler, Julian San Jose, Rowena Patel, Wilmie Hathaway, Susan Ma Sabai, Anna Calderon, and Laguna Honda Hospital filed a motion to dismiss *pro se* plaintiff Gayle L. Brownlee's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 12.) Specifically, defendants aver that under Ninth Circuit authority, there is no individual liability under Title VII. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). In other words, only an employer – not the employee's co-workers or supervisors – may be held liable. *Grimes v. San Mateo County Transit Dist.* 2013 WL 1739470 (N.D. Cal. Apr. 22, 2013) (citing 42 U.S.C. § 2000e(b)); *Scott v. Solano County Health & Soc. Serv. Dept.*, 459 F.Supp.2d 959, 965 (E.D. Cal. 2006) ("Under Title VII, there is no personal liability for employees, including supervisors.").

Having received no response from Brownlee, the Court ordered that Brownlee file on or before March 31, 2020 a response to the motion to dismiss. (*See* Dkt. No. 18.) The Court warned Brownlee that "[a] failure to respond shall result in the Court granting the pending motion to dismiss." (*Id.*)

On April 7, 2020, the Court received a filing from Brownlee postmarked April 3, 2020. (*See* Dkt. No. 21.) The filing, captioned a "Motion to Dismiss Against Listed Defendants," states that Brownlee "agrees to dismiss complaint against all individual defendants listed above under Federal Rule of Civil Procedure Rule 12(b)(6) and to proceed with the complaint against [Brownlee's] employer – City and County of San Francisco." (*Id.* at 2.) Earlier that same day, April 7, 2020, defendants had filed a statement noting that no response was received from Brownlee. (*See* Dkt. No. 20.)

The Court is mindful of its obligation under existing precedent to construe Brownlee's pleadings liberally, as she is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (internal quotation marks omitted)). Here, based on a review of the filing, the Court determines that the "motion" filed by Brownlee is: (1) a statement of non-opposition to dismissing the individual defendants; and (2) a request to add the City and County of San Francisco on behalf of defendant Laguna Honda Hospital.

Accordingly, for the good cause shown therein and for non-opposition to defendants' motion, the Court **GRANTS** the motions to dismiss: individual defendants Kristiane Mohler, Julian San Jose, Rowena Patel, Wilmie Hathaway, Susan Ma Sabai, Anna Calderon are **DISMISSED WITH PREJUDICE** from this matter; Laguna Honda Hospital is **SUBSTITUTED** with the City and County of San Francisco as a party in this matter.

Brownlee is further warned to comply with Court deadlines in the future.

In light of the foregoing, the Court **SETS** a case management conference on the Court's **2:00 p.m.** calendar on **July 13, 2020** in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California

This Order terminates Docket Numbers 12, and 21.

**IT IS SO ORDERED.**

Dated: April 21, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**